Kennon, J.
The record and bill of exceptions taken by the petitioner in this case, show the following facts, viz.: That the action was originally brought by Isaac Hazlett against George W. Dunn, and Joseph Smith, as partners, for a breach of contract; that at the time of the commencement of the action, Smith resided in Clinton county, and Dunn in Ross county; that a summons was-issued to each county, and one served on Smith in Clinton, and the other on Dunn, in Ross county, requiring him to appear in Clinton to answer to the plaintiff’s demand.
A declaration was filed against both defendants, jointly. They appeared and plead the general issue, and the issue of fact thus made was submitted to the court. The court found that Smith was not jointly bound with Dunn, and nonsuited the plaintiff. On the *437 motion of the plaintiff, the nonsuit was set aside, at the costs of the plaintiff, at the trial term. A motion was then made by the plaintiff for leave to file an amended declaration, by striking out the name of Smith in the proceedings, and declaring against Dunn alone. This last motion was resisted by Dunn, but the court sustained the motion, and an amended declaration was filed against Dunn alone. To the amended declaration Dunn plead the general issue ; a trial was had by the'court without the intervention of a jury; the issue found for the plaintiff; damages assessed, and judgment rendered in favor of Hazlett, against Dunn, for damages and costs. Dunn moved an arrest of judgment, and assigned for cause, that he was not a resident of Clinton county, but of Boss; and that the service of the writ was made on him in Boss county; but the court overruled that motion also.
The first question presented on this record for the consideration ■of the court is, whether, when two are sued as joint contractors, *the one residing in and the other out of the county in which .the suit is brought, and service is made on each, and it turns out, on the trial, that the one residing in the county is not liable as a joint contractor, the action can proceed against the one residing in another county, and upon whom service was made, in the county in which he resided, and not in the county in which the action was •brought.
By section 7 of the act entitled an act to regulate the practice of the judicial courts (SAvan’s old Statutes, 652), it is provided, that if two or more persons are bound jointly, or jointly and severally, by any bond or writing obligatory, bill of exchange, promissory note, or other contract, and the persons so bound shall .reside in different counties, it shall be lawful, in an action to be •brought on such bond, writing-obligatory, bill of exchange, promissory note, or other contract, to file with the clerk of the court, of the county in which either of the parties so bound shall reside, and against whom a writ of summons or capias ad respondendum shall have been directed, a praecipe, directing that a summons or capias ad respondendum be issued to the sheriff or coroner, of the counties in which such other person or persons, so bound as aforesaid, may reside, or may be found, who shall ‘issue the said writ or writs, as by said prmcipe shall be directed; and the sheriff, or other officer, ■shall execute and return the same, in the same manner and under ■the same penalties as if the capias ad respondendum or summons *438 had issued from the clerk of his county; and the court “to whom-such writ is returned, shall proceed in the same manner thereon as if it had been returned by the sheriff of their own proper county.”
As a general rule, civil actions can be brought only in the-county in which the defendant resides, or may be served with process ; and in the ease under consideration, the defendant, Dunn, being a resident of the county of Ross, could not have been sued: in the county of Clinton, and process served on him in Ross, unless the plaintiff had at least claimed that he was jointly *bound with some other person, who actually resided in Clinton county.
The 7th section, above recited, is an exception to the general rule, and applies only to cases where one of two or more joint, obligors or contractors resides in the county in which suit is brought. If the action had been brought against Dunn alone, in Clinton county, and process of summons issued against him to the sheriff of Ross, and actually served on him, the summons and service would, on motion, have been quashed by the court. The real question here is, whether Hazlett can, by joining Smith, who resides in Clinton county, with Dunn, who resides in Ross, upon the mere pretext that they are partners, and jointly bound as contractors, compel Dunn, alone, to answer to an action in a county in which no process was served upon him, and in which he does not in fact reside. If he could, then all any creditor would have to do, would be to join in the action, in any county in which he pleased to bring his suit, a person resident therein, and bring to. that county the real debtor, from any county in the state, even the. most distant. To put such a construction on section 7 of the act. referred to, would be to make it operate upon persons never intended to be included within its provisions. By such construction, it would include several as well as joint contractors, when, by the express provisions of the statute, it extends to joint contractors only, and would enable a creditor to do that indirectly which he could not do directly. The very condition upon which a debtor can be made to answer, by summons or capias ad respondendum, in any other county than that in which he resides, was, that he was-sued jointly with one who was in fact a joint contractor with him, and who resided in the county in which the suit was brought.
In this case, however, the court "expressly found, on evidence,. that Smith, who resided in Clinton county, was not a joint con- *439, 440 ■tractor with Dunn, but still permitted Ilazlett to amend his ■declaration, so as to leave out Smith’ from the proceedings, and ^declare against Dunn, as though he had been severally ■sued and process served on him, in Clinloh county. In this, we think the court of common pleas erred.
It may be claimed, how.ever, that Dunn waived any right he might have by pleading to both the first and second declarations. As to pleading to the first declaration, he put in issue, by the general issue, the very fact of whether service was properly made on him, or whether he was bound to answer in that court. He denied •that he had jointly contracted with Smith to the plaintiff, and the •court found his plea true, and nonsuited the plaintiff, and judgment was rendered against him for costs. The case was, thereupon, properly out of court, and Dunn had effected everything which he ■could expect by his plea of the general issue.
Afterward, on motion of the plaintiff, the nonsuit was set aside, .and “ leave granted to the plaintiff to amend his declaration by ■.striking out the name of the defendant, Joseph Smith, and to pro-need against George W. Dunn.” At this stage of the proceedings, Dunn, by his counsel, moved the court to dismiss the case for want •of jurisdiction against him, the said Dunn, but the court overruled his motion.
The record showed that no process was served on Dunn in Clinton ■county. That he was not a joint contractor with Joseph Smith, had, on trial to the court, been found true, and yet the court not ■only set aside the nonsuit, but granted leave to the plaintiff to declare and proceed against Dunn alone, in the same manner as if he had been sued alone, and a proper service made on him. In all this we think the court erred, and this error was not cured by either the plea to the first or second declarations; surely, not by pleading to the joint action, in which Dunn succeeded, and the error was •committed by the court before pleading to the second, both in allowing the plaintiff to proceed against Dunn alone, and in refusing to •dismiss the suit, on the motion of Dunn, for want of service on him in the county in which suit was brought; we think that, after this last error was committed, Dunn did not waive his rights by pleading to the merits.
-'-The judgment of the common pleas is therefore reversed, with costs.
Thurman, C. J., did not sit in this case.